[Civ. No. 3079. Fourth Dist. Jan. 25, 1943.]

In re KATHLEEN NORMA PETERSON, a Minor. EARL V. PITZER, Respondent, v. LEO R. PETERSON, Appellant.

Brittan & Mack and Roland S. Woodruff for Appellant.

West & Vizzard for Respondent.

MARKS, J.—This is an appeal from a judgment of the Juvenile Department of the Superior Court of Kern County decreeing that Kathleen Norma Peterson, a minor, had been abandoned by her parents, and declaring her free from parental custody and control.

Kathleen was the daughter of Leo R. and Flora Peterson who separated in September, 1937, and were subsequently divorced. There were three children the issue of this marriage. At the time of the separation Marion was four, Charlotte was two and one-half years and Kathleen about two months old. Counsel for Peterson states that the divorce decree awarded the custody of Marion to the mother and the custody of Charlotte and Kathleen to the father.

In November, 1938, Kathleen was given into the custody of Mr. and Mrs. Pitzer with the express consent of her mother and the implied consent of her father.

On March 18, 1942, Earl V. Pitzer filed his petition to have Kathleen declared free from the custody and control of her parents. An order to show cause was issued and served on both parents. Flora Peterson, who had remarried and was then Flora Starks, did not appear. Leo R. Peterson appeared and contested the petition.

The trial court entered the following judgment:

" . . . IT IS HEREBY BY THE COURT ORDERED that Kathleen Norma Peterson, a minor of the age of four (4) years, is now and for more than a year prior to the filing of this petition, has been within the above-named county of Kern, State of California, and that said minor has been abandoned by her parents, and that said minor is therefore declared free from the custody and control of her parents as provided in the Welfare and Institutions Code of the State of California."

Section 701 of the Welfare and Institutions Code under which this proceeding was brought contains the following:

"The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of his parents. The words 'person who should be declared free from the custody and control of his parents'

include any person under the age of twenty-one years who comes within any of the following descriptions:

"(a) Who has been left by his parents in the care and custody of another without any provision for his support, or without communication from either parent, for the period of one year with the intent to abandon such person. Such failure to provide, or such failure to communicate for the period of one year shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called an abandoned person."

Appellant maintains that the evidence fails to support the conclusion, evidently drawn by the trial court, that Kathleen was an abandoned child as defined in the foregoing section and fails to show that he had any intention to abandon her.

The evidence shows that nothing was said about the support of the child when she was given to Mr. and Mrs. Pitzer. Appellant testified that in the fall of 1939 he wrote Mrs. Pitzer a letter enclosing "a little money," he did not recall how much. He admitted that this was the extent of his contribution of money for the support of his daughter. Mr. and Mrs. Pitzer both testified that they had received no money from him or anyone else for Kathleen's support.

Appellant testified that he had made arrangements with his mother to provide necessaries for his daughter. The mother testified that she had sent dresses, underwear, stockings and hair ribbons for Kathleen; that she sent articles of clothing whenever Mrs. Pitzer asked for them. No money was sent and there is no estimate of the value or amount of clothing furnished. Mrs. Pitzer testified that the only clothing she ever asked for was a pair of sleepers which she received shortly after she took Kathleen; that the clothing was sent at Christmas and before Kathleen's birthday; with one dress at Easter; that they were marked "From Grandmother" and were packed as gifts.

Mrs. Pitzer testified that Leo R. Peterson had been to see his child only three or four times from November, 1938, to the time of trial on April 17, 1942; that he saw her one other time when the parties were attending a wedding; that he visited her in December, 1940, and did not see her thereafter; that he wrote asking for the child in January, 1941, and did not again communicate with Mr. or Mrs. Pitzer until February, 1942. Some of this testimony was denied by Peterson although he admitted that he did not see or communicate

with the child after December, 1940, and did not communicate with Mr. or Mrs. Pitzer between his letters of January, 1941, and February, 1942.

It is the province of the trial judge to pass on the weight to be given the evidence and the credibility of the witnesses. Therefore, he was privileged to accept the testimony of Mr. and Mrs. Pitzer as true. Under this evidence he evidently concluded that Peterson had failed to provide for Kathleen for much more than one year and had failed to communicate with her or Mr. and Mrs. Pitzer for about thirteen months. This evidence supports the conclusion that Kathleen was an abandoned child as that term is used and defined in section 701 of the Welfare and Institutions Code.

█ Section 721 of the Welfare and Institutions Code contains the following:

"Prior to the filing of such petition the probation officer of such county shall make such investigation as he deems necessary, and no petition shall be filed without the approval of the probation officer except by order of the juvenile court."

Peterson maintains that an investigation by the probation officer is a necessary prerequisite to the filing of the petition in this case; that as there is no evidence that such an investigation was made the court was without authority to hear the petition.

The petition bears the endorsement: "Approved for filing Mar. 17, 1942. A. W. Brink, Probation Officer Kern County." This is evidence that the petition was submitted to the probation officer prior to filing. If an investigation be considered necessary before the petition was filed and a duty to be performed by the probation officer as appellant maintains, there is the presumption "That official duty has been regularly performed." (Subd. 15, § 1963, Code Civ. Proc.) This presumption is a form of evidence and stands until overcome by competent evidence. There was no evidence offered to the contrary.

However, we cannot construe the language of the section as mandatory and as placing the duty of making an investigation on the probation officer. He is required to make only "such investigation as he deems necessary," which vests a discretion in him to make or not to make an investigation in certain cases. If he failed to make an investigation in this case we must presume that he was exercising the discretion given him under the statute. We cannot hold that the

section is mandatory and requires the probation officer to make an investigation in every case before the petition is filed.

The trial court made no separate findings in this case. Appellant argues that section 739 of the Welfare and Institutions Code required findings in this case.

That section provides that ''no ward of the juvenile court shall be taken from the custody of his parent or legal guardian without the consent of the parent or guardian, unless the court finds one of the following facts: . . . ''

Kathleen was not a ward of the juvenile court and this was not a proceeding to have her declared a ward of that court. Clearly, the quoted portion of the section cannot be construed to apply to this case. We are cited to no other provision of the law requiring findings in a proceeding of this kind.

There can be no question that this is a special proceeding created by statute. (See *Moch* v. *Superior Court,* 39 Cal. App. 471 [179 P. 440].)

A similar contention was made in *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307 [74 P.2d 761], where, at page 327, it was said:

''Another complete answer to the present contention is that the proceeding here involved is a special proceeding in which findings are not required. Section 22 of the Code of Civil Procedure defines an 'action' as 'an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' Section 23 provides that 'every other remedy is a special proceeding'. . . .

''Once it is determined that the proceeding is a special proceeding, it follows that since the provisions of the Insurance Code in question do not require findings, none are required by sections 632 and 633 of the Code of Civil Procedure. Findings are required and necessary only where a statute so provides. (*Matter of Danford,* 157 Cal. 425 [108 P. 322].)''

We therefore conclude that findings of fact were not necessary in this proceeding.

It might not be out of place to observe that the following was incorporated in the judgment: ''That said minor has been abandoned by her parents.'' Were it necessary to

do so, we might have little difficulty in concluding that this constitutes a sufficient finding here.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 25, 1943. Carter, J., voted for a hearing.