[Civ. Nos. 19148, 19147.   Second Dist., Div. Two.   Feb. 13, 1953.]

In re BABY GIRL AYERS, a Minor.   FRED M. SMOCK et al., Respondents, v. MARY AYERS et al., Appellants.

Hornwood & Seltzer and Herbert J. Beck for Appellants.

Jones & Green and Robert Miller Green for Respondents.

McCOMB, J.—From (1) a judgment that Miss Ayers, a minor, be declared and adjudged to be free from the custody and control of her parents, appellants, pursuant to the provisions of subdivision A, section 701, article VI of the Welfare and Institutions Code, and (2) an order of adoption awarding the custody of said minor to respondents, the parents appeal.

*Chronology*: i. March 28, 1950, a baby daughter was born to Mary and Leo Ayers in Los Angeles. Pursuant to previous arrangement the mother left the child with respondents, who have since cared for and reared her.

ii. March 30, 1950, respondents filed a petition for adoption of the minor.

iii. May 8, 1951, respondents filed a petition in the juvenile court of the county of Los Angeles to have said child declared free from the custody and control of her natural parents, appellants, pursuant to section 701, article VI of the Juvenile Court Law.

iv. May 23, 1951, appellants refused to give consent to the adoption of the minor and on June 12, 1951, they filed a petition objecting to the adoption proceedings.

v. The foregoing petitions were consolidated for trial and on November 15, 1951, the court found the minor was a person defined in subdivision A of section 701, article VI of the Welfare and Institutions Code, and that she had been left

in the custody of respondents by her parents for more than one year prior to the filing of the petition without provision for her support and maintenance, with the intent of the parents to abandon her. Accordingly the court entered judgment that the minor was declared and adjudged to be free from the custody and control of her parents, and on November 19, 1951, entered an order of adoption whereby the custody of the ‸minor was awarded to respondents.

*Question: Was there substantial evidence to sustain the court's findings that (a) appellants left their minor child with respondents for a period of more than one year without provision for her support, and (b) with intent to abandon her?*

*Yes.* Section 701 of the Welfare and Institutions Code provides in part:

"The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of either or both of his parents. The words 'person who should be declared free from the custody and control of either or both of his parents' shall include any person under the age of 21 years who comes within any of the following descriptions:

"(a) Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him."

▮ (a) The uncontradicted testimony disclosed that the child had been left voluntarily with respondents by appellants for more than one year; that they had never made any provision for or contributed anything to her support.* This evidence supported the first questioned finding.

▮ (b) The undisputed evidence disclosed that appellants

---

*Respondent Smock testified:

"Q. By Mr. Green: Did Mr. or Mrs. Ayers ever make any provision for the support of the child? A. No, they never contributed anything at all. Never.

"Q. Did they ever contribute any money for the support of the child? A. No, no money at all."

had never taken any steps to reclaim their child until more than one year had elapsed after they had placed her with respondents and until after the petition for adoption was filed. Also, appellant Mary Ayers had stated to respondent, "You have absolutely nothing to worry about. We don't intend to ever take the child away from you. It is yours and we have no intentions of ever taking her away." This evidence in addition to the presumption that failure to provide for a minor for one year is evidence of intent to abandon a minor (*In re Welch,* 108 Cal.App.2d 466, 473 [3] [238 P.2d 1031]), amply sustains the trial court's finding that appellants left their child with respondents "with intent to abandon" her.

The rules are established that (1) whether the presumption that there was intent of the parents to abandon the minor because they have failed for a year to provide for the child has been overcome by other evidence is a question of fact for the trial court (*In re Sanders,* 88 Cal.App.2d 251, 254 [1] [198 P.2d 523]), (2) the question whether the intent to abandon has existed for a period of one year is also a question of fact for the trial court (*In re Welch, supra,* 473), and (3) it is the province of the trier of fact to pass on the weight to be given the evidence and the credibility of witnesses in a proceeding pursuant to the provisions of section 701 of the Welfare and Institutions Code, and the decision of the trier of fact supported by substantial evidence, as in the instant case, is binding upon the appellate court. (*In re Peterson,* 56 Cal.App.2d 791, 794 [133 P.2d 831].)

*In re Cattalini,* 72 Cal.App.2d 662 [165 P.2d 250], relied on by appellants, is consistent with the authorities cited above, such case merely holding the failure to provide or communicate for one year with a minor child is only presumptive evidence of the intent to abandon, and the intent must be shown.

Likewise *Moch* v. *Superior Court,* 39 Cal.App. 471 [179 P. 440], is authority for the proposition that it is the duty of the trial court to determine from the evidence whether or not the actual intent to abandon exists in any particular case.

*In re Cordy,* 169 Cal. 150 [146 P. 532, 534], also relied on by appellants, is factually distinguishable from the present case. In that case the natural mother with three children was deserted by her husband. The child involved was injured in the San Francisco earthquake of 1906, found by

the mother after search on her part and nursed back to health by her. The mother placed the child in the temporary care of various other persons on account of her financial position but never with the intent to abandon her. The child was finally placed with people who moved from San Francisco. There is no evidence in the Cordy case of the slightest word or act on the part of the natural mother that can be construed or interpreted as an intention of abandoning the child. Therefore the case has no application here.

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.