[Civ. No. 20531.   Second Dist., Div. Three.   Mar. 28, 1955.]

In re CHRISTY ANN JONES, a Minor. MERLE H. JONES, Appellant, v. PEGGY B. JONES, Respondent.

832

Brinton N. Bowles for Appellant.

J. O. Reavis and Michael Lavelle for Respondent.

VALLÉE, J.—Appeal from a judgment which dismissed a petition denominated "Petition for Freedom from Custody" whereby Merle H. Jones, father of Christy Ann Jones, sought under section 701, subdivision (a), of the Welfare and Institutions Code to have it declared that Peggy B. Jones, mother of Christy Ann, had abandoned her.

Merle H. Jones and Peggy B. Jones were formerly husband and wife. On July 1, 1949 Peggy obtained an interlocutory decree of divorce from Merle. She was awarded custody of Christy Ann. On July 14, 1950, a final decree was entered. On November 8, 1951, the decree was modified and custody of Christy Ann was awarded to Merle subject

to Peggy's right of reasonable visitation "in the home of defendant." On May 29, 1952, Merle remarried a woman with two children. Peggy has not remarried. Christy Ann is 10 years of age. Since Merle was awarded custody he has lived in Los Angeles County; Peggy in Delano.

The petition charged that Peggy had abandoned Christy Ann and alleged that the acts of abandonment were that Peggy "has failed and neglected to communicate with said minor child for more than one year last past and is of a deteriorating mental condition, making it inadvisable that said child be contacted by such parent. That it is for the best interest of said child to be declared free of said parent due to lack of interest and obvious bad mental condition of said minor person's mother, the said Peggy B. Jones." The prayer was that Christy Ann be declared free from the custody and control of Peggy.

The court found that Peggy had not abandoned Christy Ann and dismissed the petition. Merle appeals.

Section 701 of the Welfare and Institutions Code, a part of the Juvenile Court Law, in pertinent part provides:

"The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of either or both of his parents. The words 'person who should be declared free from the custody and control of either or both of his parents' shall include any person under the age of 21 years who comes within any of the following descriptions:

"(a) Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him."

It is urged that the court erred in refusing to permit appellant to go beyond a one-year period. The claim is based on the erroneous premise that the court limited petitioner's evidence to one year prior to the filing of the petition. We find no such limitation. Since the order awarding Merle custody of Christy Ann, she has lived with him. Since he remarried she has lived with him and his new wife. The

court had before it a report of the probation officer which gave an extended history of the parties and their relations going back many years. It contains a statement by Merle to the effect that for a period of two years Peggy had failed to take any interest in Christy Ann. Merle testified that Peggy had only communicated with Christy Ann on two occasions since he was awarded custody—one in January 1952, another in January 1953. There was evidence that since at least 1946 Peggy has been mentally ill. The contention that the court refused to permit appellant to go beyond the one-year period is without substance.

The next point urged by appellant is that the court erred in refusing to let him show that since July 1, 1949, Peggy has made no effort to visit with the child, nor has she visited with said child, nor has she communicated in any manner whatsoever with the child during said four-and-one-half-year period except for approximately three short thank-you notes. We have examined the record and find no basis for this contention. Peggy had custody of Christy Ann until November 8, 1951; Merle thereafter. Peggy's interest in Christy Ann after November 8, 1951, was fully explored.

Appellant next contends that he satisfied the requirement of section 701, subdivision (a), that Peggy "failed and neglected to communicate with said minor child for more than one year last past" by showing without contradiction that Peggy communicated with Christy Ann only once within the one-year period and consequently the court erred in not granting the petition. The core of the argument is that the evidence conclusively established an intent on the part of Peggy to abandon Christy Ann.

Appellant overlooks the fact that section 701, subdivision (a), applies only if the minor *"has been left"* by the parent *"in the care and custody of another"* without communication from such parent for the period of one year with the intent on the part of such parent to abandon the minor. (Italics added.) ██ One of the things necessary to be shown to constitute abandonment is intent on the part of the parent to abandon the child. (*In re Cordy*, 169 Cal. 150, 151 [146 P. 532, 534].) ██ In order to constitute abandonment there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same. ██ Abandonment is not established by acts of relinquishment committed under circum-

stances of coercion. (*Guardianship of Marshall*, 124 Cal. App.2d 807, 810 [269 P.2d 160].)

Construing former Civil Code, section 224, which did not differ in material respect from section 701, subdivision (a), of the Welfare and Institutions Code, the court in *Matter of Cozza*, 163 Cal. 514, stated (p. 528) [126 P. 161, Ann.Cas. 1914A 214]:

"To constitute abandonment there must be an intention to do so, express or implied, from the conduct of the parent respecting the child. This is the character of abandonment contemplated by the very terms of section 224 as far as they are applicable or are relied on in this proceeding. It contemplates a case where a child has been voluntarily surrendered or left for a year in the care and custody of another without any agreement or provision for its support. This is not the situation here. The care and custody of this child was not so left by the mother with either Mrs. Merriman or the petitioners for adoption. It was taken away from her and placed in the custody of the former by order of the juvenile court (whether valid or not is immaterial to this inquiry) without the consent of the mother and against her wishes and desire. It was taken from her under process of court—by force of law—invoked or, at least, employed for the very purpose of depriving her of the custody of the child."

Construing the same statute, the court in the Cordy case, 169 Cal. 150, said (p. 154):

" [T]hat the meaning of the word 'abandoned' as above given was intended by the makers of the law to dominate the section, and to cause to be read into every part and provision of it the idea that the acts of the parent in relation to the child enumerated in the statute must have been done with an intent to abandon the child. She must have left it to the care and custody of others with that intention, and a like intent must be shown to underlie her failure, if she has failed, to make provision for its support."

*In re Edwards*, 117 Cal.App. 667 [4 P.2d 560], specifically holds that the word "abandon" must be given the same meaning when used in the Juvenile Court Law that it was designed to convey in former Civil Code, section 224.

Referring to section 701, subdivision (a), Mr. Justice Peek, writing for the court, in *In re Cattalini*, 72 Cal.App.2d 662, said (p. 665) [165 P.2d 250]:

"It is readily apparent from a reading of the quoted portion of said section that it is composed of three main elements: (1) the child must have been left with another; (2) without provision for support or without communication from either or both of his parents for a period of one year; and (3) all of such acts are subject to the qualification that they must have been done 'with the intent on the part of such parent or parents to abandon such person.'

"We turn then to the first question to be resolved: Were the children 'left' by appellant in the custody and care of the mother, within the meaning of said section, when they were placed in her custody by a court order? According to Webster's International Dictionary, 'leave' means 'to put, deposit, deliver, or the like, so as to allow to remain;—with a sense of withdrawing oneself from; as *leave* your hat in the hall; we *left* our cards.' Thus the term appears to connote voluntary action. Therefore, it may not be said that appellant left his children in the care and custody of the respondent when, by an order of the court, they were taken from the joint control of their parents and placed in the sole care and custody of the mother."

Whether an intent to abandon has existed for a period of a year is a question of fact for the trial court. (*In re Sanders,* 88 Cal.App.2d 251, 254 [198 P.2d 523].)

Peggy did not voluntarily leave Christy Ann in the care and custody of Merle. The care and custody was taken away from her and placed with Merle by order of court. The evidence supports the conclusion of the trial court that Peggy had not abandoned Christy Ann.

Appellant's other points are trivia and do not require discussion.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.