[Civ. No. 5940. Fourth Dist. Mar. 11, 1959.]

In re LAURIE RUTH BARTON, a Minor. RUTH BAR-RETT, Appellant, v. LEROY BARTON et al., Respondents.

Heinly, Heinly & Tarr for Appellant.

McCabe & Schumacher for Respondents.

STONE, J. pro tem.*—The mother of Laurie Ruth Barton appeals from a judgment entered pursuant to section 701 of the Welfare and Institutions Code declaring that the child is free from the custody and control of her mother.

The child, Laurie Ruth Barton, was born out of wedlock January 25, 1955, at Long Beach, California, to Ruth Barrett, the appellant. The mother signed a consent for the purpose of care, and pursuant thereto the child was placed in the custody of Leroy C. Barton and Donna R. Barton, his wife, the petitioners. The child was taken directly from the Long Beach hospital to their home where she has remained ever since. Sometime later petitioners commenced adoption proceedings but the mother refused to sign the necessary consent. Instead, on August 11, 1956, she filed a petition for a writ of habeas corpus seeking custody of the child. The petitioners countered with a petition for letters of guardianship which was filed August 15, 1956. The two matters were consolidated for hearing and the court denied the petition for a writ of habeas corpus and ordered that letters of guardianship of the person of Laurie Ruth Barton issue to petitioners. Letters of guardianship were filed February 24, 1956, and no appeal was taken from the order by appellant. ■■ On March 26, 1957, petitioners filed this proceeding pursuant to Welfare and Institutions Code, section 701, to have Laurie Ruth Barton declared free from the custody and control of her mother. Admittedly the abandonment action was filed to facilitate adoption of the child by petitioners because the mother would not give her consent. Such procedure is authorized by Civil Code, section 224, which provides that consent of a mother of an illegitimate child is not necessary under the following circumstances:

"1. When such father or mother has been judicially deprived of the custody and control of such child (a) by order of the juvenile court, declaring such child to be free from the custody and control of either or both of his parents as provided in the Welfare and Institutions Code, adopted May 25, 1937, or any act or acts superseding or amending the same, . . ."

The pertinent section of the Welfare and Institutions Code is 701, and so far as the section concerns this action all that need be considered is the first part of the section and subdivision (a) thereof. They read as follows:

"*Persons declared free from custody and control of parents.*

---

*Assigned by Chairman of Judicial Council.

The jurisdiction of the juvenile court extends also to any person who should be declared free from the custody and control of either or both of his parents. The words 'person who should be declared free from the custody and control of either or both of his parents' shall include any person under the age of 21 years who comes within any of the following descriptions:

"(a) Who has been left by either or both of his parents in the care and custody of another without any provision for his support, or without communication from either or both of his parents, for the period of one year with the intent on the part of such parent or parents to abandon such person. Such failure to provide, or such failure to communicate for the period of one year, shall be presumptive evidence of the intent to abandon. Such person shall be deemed and called a person abandoned by the parent or parents abandoning him. If in the option of the court the evidence indicates that either or both parents have made only token efforts to support or communicate with the child the court may declare the child abandoned by such parent or parents."

As is apparent, the opening sentence of section 701, subdivision (a) uses the word "left." Appellant contends the juvenile court had no jurisdicton to hear the petition in this case because the mother did not "leave" her child with the petitioners. Appellant argues that she was deprived of the custody of her child by an order of court made in the guardianship proceeding. She stresses the words of section 701, subdivision (a) "Who has been left," and cites *In re Jones*, 131 Cal.App.2d 831 [281 P.2d 310] as authority for her position. ■ The Jones case holds that when a child has been taken from a parent "under process of court—by force of law" the child has not been abandoned or left within the meaning of section 701, subdivision (a) of the Welfare and Institutions Code. This rule of law has been established beyond contradiction. (See *In re Cattalini*, 72 Cal.App.2d 662, 665 [165 P.2d 250]; *Matter of Cozza*, 163 Cal. 514, 528 [126 P. 161, Ann.Cas. 1914A 214]; *In re Maxwell*, 117 Cal.App.2d 156, 162 [255 P.2d 87].)

If the original "leaving" or change of custody from the parent to another were the sole criterion for determining the parent's intent to abandon the child, the appellant would be on firm ground. However, it is not the sole determining factor provided by section 701, subdivision (a). ■ In the case of *In re Maxwell*, 117 Cal.App.2d 156 [255 P.2d 87], it is

clearly established that the intent to abandon may be shown by proof of the parent's failure to provide support or attempt to communicate with the child for a period of one year after the legal change of custody. The court said at page 165:

"Construing the section strictly, as should be done, it seems obvious that where, after a wardship proceeding, there is no attempt to support or to communicate with the child for a period of over three years, there has been an 'abandonment' by such nonaction within the meaning of section 701, subdivision '(a)' of the Welfare and Institutions Code. Regardless of how the child has been taken from her parent, by such nonaction that has continued for at least a year, pursuant to the presumption contained in the subdivision in question, the parent may be deemed by the trial court to have abandoned the child. In such a case the child has been 'left . . . in the care and custody of another without any provision for his support, or without communication from . . . his parents, for the period of one year' within the meaning of the section."

In the case before us the mother in the first instance did not "leave" the child within the meaning of section 701, subdivision (a), as she instituted habeas corpus proceedings seeking custody and she contested petitioner's application for letters of guardianship. The court, none the less, had jurisdiction to determine whether there had been an abandonment thereafter by reason of appellant's alleged failure to provide for, or communicate with the child for more than one year subsequent to the filing of the guardianship order and prior to the filing of the petition to declare the child abandoned. The appellant's contention that the juvenile court had no jurisdiction in the matter is without merit.

Appellant raises two additional questions, first, "Was there a sufficient intent to abandon the child established by the evidence?" and second, "Was the presumption provided by section 701(a) of Welfare and Institutions Code overcome by the evidence?" The two questions will be considered together, as basically they must be determined by the sufficiency of the evidence. The general rule that it is the province of the trier of fact to pass upon the weight and credibility of the witnesses applies to actions pursuant to Welfare and Institutions Code, section 701, subdivision (a). In the case of *In re Ayers*, 116 Cal.App.2d 55, the court said at page 58 [253 P.2d 65]:

"The rules are established that (1) whether the presumption that there was intent of the parents to abandon the minor

because they have failed for a year to provide for the child has been overcome by other evidence is a question of fact for the trial court. (*In re Sanders*, 88 Cal.App.2d 251, 254 [1] [198 P.2d 523]), (2) the question whether the intent to abandon has existed for a period of one year is also a question of fact for the trial court (*In re Welch, supra,* 473 [108 Cal.App. 2d 466 (238 P.2d 1031)]), and (3) it is the province of the trier of fact to pass on the weight to be given the evidence and the credibility of witnesses in a proceeding pursuant to the provisions of section 701 of the Welfare and Institutions Code, and the decision of the trier of fact supported by substantial evidence, as in the instant case, is binding upon the appellate court.''

The case of *In re Jones, supra,* relied upon so strongly by appellant, dismisses the question with the single sentence, at page 836, ''Whether an intent to abandon has existed for a period of a year is a question of fact for the trial court.''

In this case there was evidence that appellant failed to communicate with the child or the petitioners from the time letters of guardianship issued on February 24, 1956, until the petition was filed in this action on March 26, 1957, or a period of 13 months. There was also evidence that appellant did not contribute to the support of the child during the same period of time although she was able to do so. Appellant points out that she explained that she did not communicate with the child or attempt to do so because she was under the impression the court order which deprived her of custody forbade her to communicate with the child or bother the petitioners as guardians. She also testified that she thought the petitioners, as guardians, were required to support the child and that nothing was said in the order concerning support by her. She further testified that petitioners asked for no support, which was confirmed by the testimony of petitioners. Appellant also made the plausible explanation that she was advised by her former attorney that her only recourse was to appeal from the guardianship order; that such an appeal would cost $500; and that she had been saving her money for such an appeal up to the time petitioners filed the abandonment proceeding. Such testimony and other adduced by appellant, if believed by the trial court, would have been a complete defense to the abandonment action. Clearly, if believed, it would have negated, explained, and overcome the presumption of an intent to abandon the child. Upon reading the bare record the court could readily agree with appellant,

but the trial court not only heard the testimony but also had an opportunity to observe the demeanor of the witness and to judge her credibilty.  On the other hand, the petitioners testified that appellant neither communicated with nor attempted to communicate with the child or with them, and that she did not contribute to the child's support for over a year. The court believed this evidence and the trial court's determination is binding upon this court.  (*In re Peterson*, 56 Cal. App.2d 791, 794 [133 P.2d 831] ; *In re Maxwell*, 117 Cal.App. 2d 156, 166 [255 P.2d 87].)

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.