[Civ. No. 16876. Fourth Dist., Div. One. Sept. 19, 1978.]

In re DAVID E. et al., Minors.
HOMER E. DETRICH, as Director, etc., Petitioner and Respondent, v.
RICHARD E., Objector and Appellant.

**COUNSEL**

Alden J. Fulkerson, under appointment by the Court of Appeal, for Objector and Appellant.

Donald L. Clark, County Counsel, and Lloyd M. Harmon, Jr., Chief Deputy County Counsel, for Petitioner and Respondent.

**OPINION**

**BROWN (Gerald), P. J.—** Richard E. appeals the judgment declaring his children David, born November 18, 1966, and Daniel, born October 22, 1968, free from his custody and control under Civil Code section 232, subdivision (a)(7).

The boys were declared dependent children of the juvenile court on July 12, 1974, and have been in foster home placement since July 19, 1974. At the time of the present hearing the father was in county jail, having threatened the boys' foster mother with a toy pistol. Before that incident he had been convicted at various times of possessing narcotics, committing lewd and lascivious acts on a minor under the age of 14, and robbery. Medical records show E. had been hospitalized with: "schizophrenic reaction—acute undifferentiated," in connection with indecent acts committed upon a child; and with personality disorder, anti-social personality and chronic alcoholism.

Neither boy wished to live with his father and each described life with him as one of abuse and neglect. There was expert opinion that E. could not give the children proper parental guidance and care, he was unable to stay out of trouble and, at age 43, would not change.

 At the time of the trial, Civil Code section 232, subdivision (a)(7),[1] required a showing by clear and convincing evidence that a parent was

---

[1] This statute, in effect from January 1, 1977, through July 1, 1978, read in pertinent part:

"(a) An action may be brought for the purpose of having any person under the age of 18 years declared free from the custody and control of either or both of his parents when such person comes within any of the following descriptions:

" . . . . . . . . . . . .

"(7) Who has been cared for in one or more foster homes . . . for two or more consecutive years, providing that the court finds by clear and convincing evidence that return of the child to his parent . . . would be detrimental to the child and that the parent . . . [has] failed . . . and . . . [is] likely to fail in the future, to (i) Provide a home for said child; (ii) Provide care and control for the child; (iii) Maintain an adequate parental relationship with the child and (iv) Maintain continuous contact with the child, unless unable to do so."

unable to care for the child. The statute preceding it had required proof beyond a reasonable doubt. E. concedes the section with the lesser burden is the one which governs here. However, he suggests this lesser standard is unconstitutional because the parent loses his right to custody of the child for life. However, the burden of beyond a reasonable doubt is required only in those instances where there is a deprivation of liberty and a moral stigma attaches (see *In re Cynthia K.,* 75 Cal.App.3d 81, 86, fn. 3 [141 Cal.Rptr. 875]; *People* v. *Thomas,* 19 Cal.3d 630, 638 [139 Cal.Rptr. 594, 566 P.2d 228]; *People* v. *Burnick,* 14 Cal.3d 306, 318 [121 Cal.Rptr. 488, 535 P.2d 352]). Here there is no threat anyone will be deprived of his liberty. E. himself characterizes his loss as loss of "a property right." There are no constitutional barriers to using the burden of clear and convincing evidence in determining whether the children shall be free of their father's control.

■ E. argues there is insufficient evidence to support a finding under Civil Code section 232, subdivision (a)(7), because two of the findings—that it would be detrimental to return the children to their father's custody and it would be in their best interest to be free of his control—were possible only because the children were brainwashed by the social workers. He says findings that he failed to fulfill (i)-(iv) of section 232, subdivision (a)(7), (see fn. 1) are impossible because he was in jail and any failure on his part was not intentional. Here there is no question the children have been cared for in foster homes for over two years. The father has a history of mental problems, a history of law enforcement problems, a history of drinking problems and a history of neglecting his children. The children do not want to live with their father, which speaks to his relationship with them. This is substantial evidence to support the court's findings under section 232, subdivision (a)(7), that E. has not and is unlikely to provide a home and care for the boys or maintain contact and an adequate parental relationship with them.

■ E. argues the trial court erred in not granting him a jury trial which he would have had if the state had taken any of his property other than his children. However, a freedom from custody proceeding is a special proceeding created by statute (*In re Peterson,* 56 Cal.App.2d 791, 795 [133 P.2d 831]). Because it did not exist at common law and there is no statute providing for a jury trial, E. was not entitled to one (*In re Daedler,* 194 Cal. 320, 324-331 [228 P. 467]).

The judgment is affirmed.

Staniforth, J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 15, 1978. Mosk, J., and Newman, J., were of the opinion that the petition should be granted.