[Civ. No. 22465. Third Dist. Jan. 31, 1984.]

In re JUSTIN G., a Minor.
MICHAEL C. et al., Petitioners and Respondents, v.
SHERRY G., Objector and Appellant.

COUNSEL

Richard W. Young for Objector and Appellant.

Gregory Ward Dwyer, Bloodgood & Dwyer and Bloodgood, Dwyer, Morris & Scott for Petitioners and Respondents.

OPINION

DAWSON, J.*—The natural mother of a young child appeals from a judgment (order) declaring the child free from her custody and control. (Civ. Code, § 232, subd. (a)(1).)[1]

A few months after Justin's birth, mother and child took up residence in the maternal grandmother's home and remained there from early June to early August 1980.

---

*Assigned by the Chairperson of the Judicial Council.

[1] All further statutory references are to the Civil Code unless otherwise specified.

In the first week of August mother left grandmother's home without leaving an address or telephone number. Justin was left with mother's 12-year-old sister. Mother told her sister she did not care what happened to Justin and she did not *want* the responsibility of the child. Grandmother eventually was able to contact mother and mother suggested Justin be put up for adoption. Thereafter, grandmother located the C.'s and Justin was placed with them in late August 1980. The C.'s, after being assured mother would not change her mind, retained an attorney to commence adoption proceedings. On September 11, 1980, in the attorney's office, mother signed a consent to adoption, which consent did not comply with the requirements of the law. (§ 226.1.) In December 1980 mother was asked to sign the formal consent to adoption by Family Court Services. On January 3, 1981, mother, without executing the consent, attempted to contact Justin. She was refused permission to see the child and filed a writ of habeas corpus on January 9, 1981. The C.'s then filed petitions for guardianship and section 232 abandonment.

The petition for guardianship was granted and later the petition declaring Justin abandoned was granted. Justin has resided continuously with the C.'s since late August 1980. They have provided a warm, loving and stable environment. The mother is, or at least was, unstable and irresponsible. Evidence supports the trial court's finding that it would be detrimental to Justin to remove him from the C.'s and return him to mother and that his best interests would be subserved by custody remaining with the C.'s.

Mother, after taking up residence with grandmother, did not provide support for Justin. Although residing in the same home as Justin, mother left the child care to grandmother. Mother used grandmother's home as a place to sleep, frequently staying out late at night.

## DISCUSSION

Civil Code section 232, subdivision (a)(1), provides in part: "An action may be brought for the purpose of having any child . . . declared free from the custody and control of either or both of his parents when the child comes within any of the following descriptions: [¶] (1) The child has been *left* . . . by both of his parents or his sole parent in the care and custody of another for a period of six months . . . without any provision for the child's support, or without communication from the parent or parents, with the intent on the part of the parent or parents to abandon the child." (Italics added.)

The issue on appeal is whether the six-month period can include a period of time in which mother and child were part of the same household.

The period from early August 1980 to January 9, 1981, is less than six months. The trial court concluded Justin was abandoned by mother, even

though mother was in the same household as Justin, starting in early June 1980.

We agree that the able trial court's finding of intent to abandon in June 1980 is supported by clear and convincing evidence. ■ The question is whether there must be an actual physical leaving of the child in addition to such intent to abandon and whether such physical departure must exist for a period of six months before the court may declare an abandonment under section 232. There is no case law directly on point. We turn for an answer to the language of section 232. We conclude the statute requires as an element of abandonment that the parent be physically absent from the child.

*In re Conrich* (1963) 221 Cal.App.2d 662, 666 [34 Cal.Rptr. 658], held the word "left" in the statute was a separate element and requirement before abandonment could be declared. The *Conrich* court stated: "Section 232 of the Civil Code declares the essentials of abandonment, which are these: (1) The child must have been left with another . . . . [¶] The first of these elements is the leaving with another." (*Ibid.*) (See also *In re George G.* (1977) 68 Cal.App.3d 146, 161 [137 Cal.Rptr. 201].) The element of leaving is separate and in addition to the element of intent to abandon. (§ 232, subd. (a)(1).)

The courts in determining the meaning of "left" as used in section 232 have uniformly used dictionary definitions. (*In re Cattalini* (1946) 72 Cal.App.2d 662, 665 [165 P.2d 250]; *In re Jones* (1955) 131 Cal.App.2d 831, 836 [281 P.2d 310]; *In re George G., supra,* 68 Cal.App.3d 146, 161.) According to Webster's Third New International Dictionary (1971) page 1287, "left" is the past tense of "leave." "Leave" means "to take leave of or withdraw oneself from whether temporarily or permanently: go away or depart from (*left* school at an early age) (leave the room this minute)." Another meaning is given as: "Desert, Abandon, Forsake (her husband *left* her and she is considering a divorce) . . . to terminate association with: quit the service of (*left* the company in May)." The word "left" requires one to have completed a physical act of departure. It may not be said that a parent has "left" the care and custody of a child with another when the parent remains in the same household.

Reviewing section 232 as a whole, it appears there are numerous subdivisions therein. Subdivision (a)(1) is the only provision relating to abandonment which requires, as an element, that the child be "left." The Legislature specifically provided for freeing of a child from the custody and control of a parent in special instances of neglect. Subdivision (a)(2) provides for a child cruelly treated or neglected but further requires the child to have been a dependent child of the juvenile court for a period of one year. Similarly, subdivision (a)(3) allows termination of the parental relationship when a parent is under disability due to use of alcohol or morally depraved.

It seems clear that neglect is not intended as consonant with abandonment. Therefore, neglect of a child in one's own home cannot be equated with or treated as a leaving of the child. In short, the Legislature has distinguished between a person physically leaving a child (i.e., deserting the child) and neglectful treatment of the child. The difference is a deliberate choice to avoid blurring the distinction between neglect and desertion.

There is no evidence to support a finding of abandonment for a period of six months as mother did not physically absent herself from Justin for such period.

The judgment (order) declaring the child free from the custody and control of his natural mother is reversed.

Evans, Acting P. J., and Blease, J., concurred.

A petition for a rehearing was denied February 28, 1984, and respondents' petition for a hearing by the Supreme Court was denied March 29, 1984. Mosk, J., was of the opinion that the petition should be granted.