OPINION
Appellant, Rosemarie Simeth, having appealed from an order after an adjudicatory disposition held in the juvenile court, finding and declaring her minor daughter a dependent child, pursuant to section 600, subdivision (a) of the Welfare and Institutions Code, now moves that counsel be appointed to represent her on appeal. The order appealed from removes the child from the mother's custody. Unless the order is modified pursuant to section 775 et seq., Welfare and Institutions Code, *Page 984 
the mother would not have custody of the child during the years of the child's minority. (Welf. Inst. Code, § 607.)
Appellant's motion by Western Center on Law Poverty, temporary counsel appearing as amicus curiae, is supported by compelling declarations and a consumate brief. An amicus brief was requested by this court and filed by Joseph P. Busch, District Attorney of Los Angeles County, and upon request of this court, a brief has also been filed by the Attorney General.
Appellant's amicus argues convincingly that this court has the inherent, constitutional and statutory authority to make such appointment.
This court in respect of the same question has previously decided that we had no statutory authority. (In re Robinson,8 Cal.App.3d 783 [87 Cal.Rptr. 678].)[1] The briefs of all counsel point out that since Robinson the statutes upon which the Robinson ruling was predicated have been amended. (1) The district attorney in his brief says in pertinent part: "It is the position of the Amicus Curiae, joined herein by the People that the amendments to Welfare and Institutions Code sections 634, 679 and 700 when viewed in conjunction with Government Code section27706(e) (which since 1970 no longer omits persons coming within the description of Welfare and Institutions Code section 600) and Penal Code section 1241
(which in 1971 deleted the requirement that the appeal or proceeding must be a criminal matter) require this court to reconsider the previous holdings in In re Robinson[2] . . . and to now hold that the right to courtappointed counsel on appeal for an indigent mother exists. (See 6 U.C.D.L.Rev. p. 240 `Dependency Hearings: What Rights for the Parents? Albert O. Cornelison, Jr. wherein it is pointed out the need for court appointed counsel.) The People feel that the appointment of counsel on appeal for an indigent mother is required by (a) the underlying intent of the Legislature, (b) the inherent right of a parent to raise his child, and (c) the nature of the proceedings in the Juvenile Court."
This court has reconsidered In re Robinson in the light of the statutory changes pointed out in the above excerpt and holds without discussion of or resort to any independent constitutional or inherent power it may have *Page 985 
that the statutory changes authorize the appointment of counsel in an indigent proceeding such as the one at bench.
The motion is granted.
Compton, J., concurred.
[1] Certiorari denied sub nom. Kaufman v. Carter,402 U.S. 964 [29 L.Ed.2d 128, 91 S.Ct. 1624].
[2] Robinson was apparently followed in In re George S.
(1971) 18 Cal.App.3d 788 [96 Cal.Rptr. 203] and In re JosephT. (1972) 25 Cal.App.3d 120 [101 Cal.Rptr. 606].