21 Cal.3d 170 (1978)
577 P.2d 683
145 Cal. Rptr. 548
In re JACQUELINE H., a Minor.
LOS ANGELES COUNTY DEPARTMENT OF ADOPTIONS, Petitioner and Respondent,
v.
MARETTA M., Objector and Appellant.
Docket No. L.A. 30862.
Supreme Court of California.
April 27, 1978.
*172 COUNSEL
Thomas A. Diamond and Maureen Stubbs for Objector and Appellant.
John H. Larson, County Counsel, and Lester J. Tolnai, Deputy County Counsel, for Petitioner and Respondent.
*173 OPINION
BIRD, C.J.
Maretta M. seeks relief from this court after the Court of Appeal dismissed her appeal from an order of the superior court terminating her parental rights to her daughter, Jacqueline H. Two issues are presented: (1) Is an indigent person, appealing from a judgment following a hearing pursuant to Civil Code section 232, entitled to appointed counsel? (2) Does failure to advise an indigent appellant of her right to counsel excuse her failure to timely file an opening brief?

I
On October 16, 1975, the Los Angeles County Department of Adoptions initiated proceedings pursuant to Civil Code section 232 et seq. to permanently terminate appellant's parental rights and custody of her daughter, Jacqueline H. The superior court appointed counsel to represent appellant because of her indigency. (Civ. Code, § 237.5.) After a hearing on June 23, 1976, appellant's parental rights were terminated by order of the superior court. A timely notice of appeal from that order and a request for transcripts without cost to appellant were filed by her court-appointed counsel. (Crespo v. Superior Court (1974) 41 Cal. App.3d 115 [115 Cal. Rptr. 681].) On November 10, 1976, appellant's trial counsel substituted appellant in propria persona for himself because he was unable to handle her appeal.
The record on appeal was filed on January 3, 1977, and the next day a postcard was sent to appellant by the Court of Appeal at her last known address informing her that an opening brief was due in 30 days. (Rule 16, Cal. Rules of Court.) The postcard was forwarded by the post office "c/o Rev. Jos. Hughes, 8252 Melrose Avenue, Los Angeles, CA 90046," but was returned to the court stamped "MOVED LEFT NO ADDRESS." On April 21, 1977, the appeal was dismissed and a dismissal letter was mailed to appellant at her last known address. Appellant received this letter and requested on May 17, 1977, that the order of dismissal be vacated and that counsel be appointed to represent her. She informed the court that she had been unaware of her right to appointed counsel on appeal. Following the Court of Appeal's denial of her request to set aside the dismissal, this court granted a hearing.

*174 II
Appellant contends that if she had been advised of her right to counsel on appeal, she would have secured counsel and an opening brief would have been timely filed.
Civil Code section 232 et seq. provide for proceedings whereby a minor child can be taken from the custody and control of the natural parents if they will not consent to the adoption of the child. Originally included in the Welfare and Institutions Code, these sections were transferred to the Civil Code in 1961 as part of a revision of the Juvenile Court Law. (Stats. 1961, ch. 1616, § 4, p. 3504; see 36 State Bar J. 862, 864.)[1] No provision was made for the appointment of counsel for indigent parents in section 232 proceedings at that time. Subsequently, the Legislature recognized that various safeguards, which had been included in the Welfare and Institutions Code, were omitted when the statutes were transferred. Accordingly, in 1965 the Legislature enacted several additions to section 232 et seq. to correct these omissions. Section 237.5,[2] was added to provide several procedural safeguards and to mandate the appointment of counsel for indigent parents in section 232 proceedings. Other additions provided for the liberal construction of the law to protect the interests of the child (Civ. Code, § 232.5), the confidentiality of documents (Civ. Code, § 233.5), and closed hearings. (Civ. Code, § 235.5; see Selected 1965 Code Legislation (Cont.Ed.Bar) pp. 46-47.)
*175 (1a) Although Civil Code section 232 et seq. do not in express terms provide for the appointment of appellate counsel, the right to such appointment appears implicit in the Legislature's entire statutory scheme for the removal of children from the custody and control of their parents.
Civil Code section 232 sets forth only one of several different proceedings in which child custody may be determined and parental custody and control may be terminated.[3] (In re B.G. (1974) 11 Cal.3d 679, 696 [114 Cal. Rptr. 444, 523 P.2d 244]; see Bodenheimer, The Multiplicity of Child Custody Proceedings  Problems of California Law (1971) 23 Stan.L.Rev. 703, 704-705.) (2) The proceedings most closely analogous to section 232 proceedings are dependency proceedings in juvenile court. (See Welf. & Inst. Code, § 300, formerly § 600.) In both cases the state or a state agency ordinarily initiates the proceeding, intervening as parens patriae to supplant the authority of the natural parents because of their alleged inability to care properly for the minor child. Since the objectives of these two sections are similar, Welfare and Institutions Code section 300 and related provisions have been used to clarify ambiguities in the language and procedures of section 232. (See, e.g., In re J.T. (1974) 40 Cal. App.3d 633, 638 [115 Cal. Rptr. 553]; In re Baby Boy T. (1970) 9 Cal. App.3d 815, 819 [88 Cal. Rptr. 418].) However, an adverse judgment in a section 232 proceeding is far more serious than is one in a dependency proceeding. In the latter case, an adverse judgment leads only to a temporary loss of custody, not a permanent severance of the parent-child relationship (In re Robert P. (1976) 61 Cal. App.3d 310, 318 [132 Cal. Rptr. 5]), whereas in the former a minor *176 child is declared to be permanently free from parental custody and control and thus freed for adoption.[4]
(1b) Appointment of counsel for indigent parents is presently authorized at all stages of proceedings brought under Welfare and Institutions Code section 300. Welfare and Institutions Code section 317 provides for the appointment of counsel by the juvenile court, and section 395 provides free transcripts for indigent appellants. Finally, in In re Simeth (1974) 40 Cal. App.3d 982 [115 Cal. Rptr. 617] the court held that implicit in the whole statutory scheme was the right of a parent to appointed counsel on appeal from an order adjudging her child to be a dependent child of the court.[5]
The Legislature has recognized the greater severity of the parent's possible loss in section 232 proceedings as opposed to section 300 proceedings. It has mandated the appointment of counsel for indigent parents in the former case, but only authorized it in the latter. (Welf. & Inst. Code, § 317.) It would be anomalous indeed to find a right to the appointment of appellate counsel implicit in the latter proceeding but not in the former. (Cf. In re Cynthia K. (1977) 75 Cal. App.3d 81, 85 [141 Cal. Rptr. 875]; see In re Norma M. (1975) 53 Cal. App.3d 344, 346 [125 Cal. Rptr. 721]; and In re Rose G. (1976) 57 Cal. App.3d 406 [129 Cal. Rptr. 338] and In re Rodriguez (1973) 34 Cal. App.3d 510 [110 Cal. Rptr. 56] [where appellate counsel was appointed without discussion].)
*177 The conclusion that an indigent appellant is entitled to appointed counsel on appeal in section 232 proceedings finds additional support in the rule applicable in adoption cases. After consent has initially been given for an adoption, a natural parent may request under Civil Code section 226a to withdraw consent. By statute, "[a]ny order of the court granting or withholding approval of a withdrawal of a consent to an adoption may be appealed from in the same manner as an order of the juvenile court declaring any person to be a ward of the juvenile court." (Civ. Code, § 226a.) The juvenile court law and rules provide for appointment of counsel for indigent appellants in those cases.
It bears emphasis that proceedings under section 232 are at least as critical for the parent as those under section 226a since not only may a parent lose a child, but the parent may be branded as unfit. Indeed "the involuntary termination of [the parent-child] relationship by state action must be viewed as a drastic remedy which should be resorted to only in extreme cases...." (In re T.M.R. (1974) 41 Cal. App.3d 694, 703 [116 Cal. Rptr. 292].) Thus, the need for appellate counsel is greater in a section 232 appeal than in a section 226a appeal. Further, the parent involved in section 232 proceedings has opposed the adoption of his or her child from the outset, whereas the parent in a section 226a case has initially given consent to the adoption. Failing to provide appointed appellate counsel in the former situation while providing it in the latter would in effect penalize the parent who has sought to contest an adoption from the outset and has maintained some relationship with the child.
For all of the foregoing reasons, this court concludes that the Legislature could not have intended to withhold from an indigent parent the right to an effective appeal, and, therefore, the services of appellate counsel in section 232 proceedings. Accordingly, this court construes Civil Code sections 237.5 and 238 to require a reviewing court to appoint counsel for any indigent parent appealing from an order terminating parental rights pursuant to Civil Code section 232.[6] (Cf. Crespo v. Superior Court, supra, 41 Cal. App.3d 115, 118-119, construing Civil Code sections 237.5 and 238 as authorizing free transcripts for indigent appellants in section 232 cases.)
*178 The foregoing interpretation of section 237.5 renders it unnecessary for this court to reach appellant's arguments that she is constitutionally entitled to appointed counsel on appeal in a section 232 proceeding. This interpretation is consistent with this court's practice of construing statutes to avoid constitutional infirmities. (Braxton v. Municipal Court (1973) 10 Cal.3d 138, 145 [109 Cal. Rptr. 897, 514 P.2d 697].)

III
(3) Respondent does not dispute that appellant had a right to appointed counsel but claims that appellant did not diligently pursue her appeal. She responds that her failure to file an opening brief within the prescribed time[7] should be excused because of her ignorance of her right to appellate counsel[8] and her lack of knowledge of the deadlines. Ignorance of the appellate process does not, in itself, relieve appellant of the duty to prosecute her appeal. (Rules 10(a), 17(a), Cal. Rules of Court.) However, when the right to appointed appellate counsel exists, an appellant must not only be informed of the right to appeal but of the right to such appointment. "This guarantee [of the right to counsel], of course, is meaningless unless the defendant is made fully aware of it: not only must he be advised of his right to counsel, he must also be advised that the court will appoint an attorney to represent him if he is unable to afford one." (In re Smiley (1967) 66 Cal.2d 606, 614-615 [58 Cal. Rptr. 579, 427 P.2d 179].)
The burden on the trial court in providing such notice is minimal when compared to the parent's interest in avoiding the permanent loss of the care, custody and companionship of the child. Although rules regarding notice of appellate rights are designed to benefit courts as well as litigants, no legitimate purpose is served when the government  a party to these proceedings  withholds from the other vital information *179 regarding the rights of appeal. Accordingly, when a superior court orders parental custody terminated pursuant to Civil Code section 232, the trial court should advise the parents of their right to appeal, to appellate counsel, to a free transcript if indigent, and inform them of the procedures for perfecting an appeal. (Cf. rule 1377(e), Cal. Rules of Court.)
In the instant case, appellant's lack of knowledge of her right to appointed counsel rendered her appeal meaningless. The county initiated the section 232 proceeding. Having been summoned to appear, she was provided with appointed counsel by the trial court. Thus, appellant may well have expected that the Court of Appeal would contact her. Nine months elapsed between the initiation of section 232 proceedings and the trial court's judgment terminating appellant's parental rights. Another six months passed before the record on appeal was filed but appellant failed to receive notice of that fact. While it might have been advisable for appellant to contact the Court of Appeal at some point, her experience with the slow pace of the judicial process makes her failure to inquire more understandable. Furthermore, a layperson unfamiliar with appellate procedure would not be aware of the procedure for requesting additional time to file her brief. As soon as appellant learned of the dismissal, she filed a request with the Court of Appeal to set it aside which demonstrated a diligent attempt to obtain a hearing on the merits of her appeal. Considering the magnitude of the potential loss to appellant, her ignorance of appellate procedure including her right to counsel, and her lack of notice as to when her brief was due, relief from default for failure to file an opening brief should have been granted.
(4) In the instant case adoption proceedings have been held in abeyance pending the outcome of this appeal. Since this opinion holds that appellant is entitled to a hearing on the merits of her appeal and in view of the public policy against upsetting adoptions which have become final (see Civ. Code, § 227d), the right to appointed counsel recognized herein shall not be available as a ground to upset any final decree of adoption.[9] (Cf. Li v. Yellow Cab Co. (1975) 13 Cal.3d 804, 829 [119 Cal. Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]; Westbrook v. Mihaly (1970) 2 Cal.3d 765, 800 [87 Cal. Rptr. 839, 471 P.2d 487].)
*180 This case is retransferred to the Court of Appeal with directions to appoint counsel for appellant, if she can establish her indigency, and to determine the appeal on its merits.
Tobriner, J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Newman, J., concurred.
NOTES
[1] Such proceedings had previously been authorized by Welfare and Institutions Code section 701. The Governor's Special Study Commission on Juvenile Justice recommended transferring that section to the Civil Code since termination of parental rights involves freeing the child for adoption, rather than continuing supervision of the child by a governmental agency. (Governor's Special Study Com. on Juvenile Justice, pt. I (1960) p. 23.
[2] Civil Code section 237.5 provides: "At the beginning of the proceeding on a petition filed pursuant to this chapter, the judge shall first read the petition to the child's parents, if they are present, and may explain to the child the effect of the granting of the petition and upon request of the minor upon whose behalf the petition has been brought or upon the request of either parent the judge shall explain any term or allegation contained therein and the nature of the proceeding, its procedures, and possible consequences. The judge shall ascertain whether the minor and his parents, have been informed of the right of the minor and his parents to be represented by counsel, and if not, the judge shall advise the minor and the parents, if present, of the right of each of them to have counsel present. The court may appoint counsel to represent the minor whether or not the minor is able to afford counsel. If any parent appears and is unable to afford counsel, the court shall appoint counsel to represent each parent who appears unless such representation is knowingly and intelligently waived. The court may continue the proceeding for not to exceed 30 days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself with the case, or to determine whether the parents are unable to afford counsel at their own expense. The court may appoint private counsel or the public defender to represent the minor or the parents.

"When the court appoints private counsel to represent either the minor or the parents under the provisions of this section, such counsel shall receive a reasonable sum for compensation and expenses, the amount of which shall be determined by the court. Such amount shall be paid by the real parties in interest, other than the minor, in such proportions as the court deems just. However, if the court finds that none of such real parties in interest is able to afford counsel, such amount shall be paid out of the general fund of the county."
[3] Each proceeding has a different historical origin reflected in varying statutory provisions and case law. Therefore, procedures may differ substantially depending on whether custody is litigated in connection with a dissolution of marriage, a juvenile dependency proceeding, a guardianship proceeding in the probate court, adoption proceedings, an action to terminate parental rights, or by writ of habeas corpus or other equitable means. (See Bodenheimer, post, id.)
[4] The Los Angeles County Department of Adoptions has indicated that if the judgment in this case is affirmed, the foster family with whom Jacqueline resides will petition to adopt her.
[5] The new juvenile court rules provide that after a contested section 300 hearing the parents and minor must be advised of their right to appeal, to appointed counsel and free transcripts if indigent, and the steps and the time requirements necessary to effectuate an appeal.

Rule 1377, California Rules of Court, provides, in pertinent part:
"(e) [Advice of appeal rights] If the minor was found to be a person described by section 300 after a contested jurisdiction hearing, the court, after making its disposition order, shall advise the minor, if of sufficient age and understanding, and the parent or guardian of:
"(1) The right of the minor and parent or guardian to appeal from the court's judgment;
"(2) The necessary steps and time for taking an appeal;
"(3) The right of an indigent appellant to have counsel appointed by the reviewing court; and
"(4) The right of an indigent appellant to be provided a free copy of the transcript.
"If the minor is not present in court, notice of these rights shall be given to the minor in writing."
[6] Appointment of appellate counsel is clearly within the authority of a reviewing court. Penal Code section 1241 now provides that payment of counsel appointed by an appellate court in any proceeding may be made from funds appropriated for that purpose, thus authorizing reimbursement for appointed counsel in section 232 appeals. (Cf. In re Simeth, supra, 40 Cal. App.3d 982, 984-985.)
[7] In addition to the undelivered postcard, the Court of Appeal mailed appellant a second postcard on March 15, 1977, with a stamped message that, pursuant to rule 17(a), California Rules of Court, her appeal would be dismissed if she did not file her opening brief within 30 days or show good cause for relief from default. The record does not indicate whether appellant received this second postcard.
[8] There is some factual conflict in the record. Appellant claims she did not know of her right to appointed counsel on appeal, and the record does not show she was ever so advised. Her trial attorney stated that he told her counsel would be appointed by the Court of Appeal. He further stated he thought he had initiated that process by filing a request for free transcripts with the superior court. Such a request is properly directed to the reviewing court. Even if her attorney's version is correct, she should not be charged with his failure to follow through on a task he voluntarily undertook. (Cf. In re Benoit (1973) 10 Cal.3d 72 [109 Cal. Rptr. 785, 514 P.2d 97].)
[9] This decision will apply to those cases in which orders, pursuant to Civil Code section 232, have not become final as of the date of the filing of this opinion.