[Civ. No. 56607. Second Dist., Div. Five. Aug. 10, 1979.]

VICTOR C. PEER, Plaintiff and Respondent, v.
CALIFORNIA INDUSTRIES FOR THE BLIND, INC.,
Defendant and Appellant.

## Counsel

Hill, Farrer & Burrill, Edwin H. Franzen and Fred T. Ashley for Defendant and Appellant.

Carl G. Joseph for Plaintiff and Respondent.

## Opinion

**KAUS, P. J.**—Plaintiff/respondent Victor E. Peer moves to dismiss the appeal of the defendant/appellant California Industries for the Blind, Inc., on the ground that the judgment appealed from is not appealable.

It appears that plaintiff filed a complaint before the Labor Commissioner pursuant to section 98 of the Labor Code. He prevailed at the administrative level and defendant appealed pursuant to Labor Code section 98.2, which provides for an appeal to the superior court where the matter is to be heard de novo. There was such a hearing and it resulted in a judgment in favor of plaintiff in the sum of $1,116.83, plus interest.

Defendant promptly filed a notice of appeal from the judgment and it is that appeal which plaintiff seeks to dismiss.

## DISCUSSION

The statute which appears to sanction the pending appeal is section 904.1 of the Code of Civil Procedure which in subdivision (a) authorizes an appeal "from a [superior court] judgment, except . . . a judgment on appeal from a . . . small claims court."

The motion to dismiss is based upon the erroneous assumption that the judgment appealed from is analogous to a judgment on a small claims appeal. It is not. The mere fact that an appeal to the superior court under section 98.2 of the Labor Code is heard de novo just as an appeal from a small claims court judgment (Code Civ. Proc., § 117.10) does not necessarily impart to the former the finality of the latter. One obvious basis for distinguishing these Labor Code matters, is that they lack a jurisdictional ceiling as to amount.

Plaintiff also points to section 98, subdivision (a) of the Labor Code in which the Legislature expresses its intent that "hearings held pursuant to *this section* be conducted in an informal setting preserving the right [*sic*] of the parties." (Italics added.) The point is baffling. The section in question deals exclusively with the initial, administrative hearing before the Labor Commissioner and has nothing whatever to do with the issue before us. In any case, it has no relevance to the appealability of a superior court judgment under section 98.2.

Finally, plaintiff points to the importance of the prompt payment of wage claims and points out that an appeal to this court is counterproductive in that respect. Agreed—but this consideration does not permit us to ignore the clear language of subdivision (a) of section 904.1. The matter is one for legislative consideration.

The motion to dismiss the appeal is denied.

Stephens, J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 4, 1979.