[Civ. No. 25908. Fourth Dist., Div. Two. Oct. 16, 1981.]

RICHARD A. GIPE, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
WORLDWIDE CHURCH OF GOD, Real Party in Interest.

618

620

COUNSEL

Laurence T. Emert for Petitioner.

No appearance for Respondent.

Rader, Helge & Gerson, Ralph K. Helge and Larry W. Darden for Real Party in Interest.

OPINION

**KAUFMAN, Acting P. J.**—Petitioner seeks a writ of mandate directing the Appellate Department of the Orange County Superior Court to vacate its order disqualifying the State Labor Commissioner from representing petitioner in an appeal from a judgment of the municipal court denying him severance pay.

FACTS

For more than eight years petitioner was an ordained minister of the Worldwide Church of God, Inc.[1] (church or real party in interest), receiving compensation for his services from the church. In April 1979 he was discharged for alleged insubordination, heresy and disloyalty to the church. He was promised one week of severance pay for each year of service if he returned all property of the church to it and caused no further confusion or division within the church. Thereafter petitioner filed a complaint with the Labor Commissioner[2] claiming the church owed him $11,936.38 in unpaid wages and benefits.[3] After hearing, the Labor Commissioner awarded petitioner $3,269 in severance pay and denied his other claims.

Real party appealed the award to the municipal court pursuant to Labor Code section 98.2 which provides for review by a de novo hearing.[4] Presumably at petitioner's request, the Labor Commissioner

---

[1]The Worldwide Church of God, Inc. is a California religious nonprofit corporation. It is one of many entities through which the Church of God, an unincorporated spiritual body, conducts its principal activities in the United States. The church employs approximately 490 full-time ordained ministers and serves a baptized adult membership of 67,000 worldwide in 704 congregations.

[2]The Labor Commissioner, who is the Chief of the Division of Labor Standards Enforcement (Lab. Code, § 82) is authorized to investigate employee complaints (Lab. Code, § 98). Within 30 days of filing of a complaint, the Labor Commissioner notifies the parties as to whether a hearing will be conducted, whether the Labor Commissioner will prosecute an action, or whether no further action will be taken.

[3]Petitioner claimed nine weeks vacation pay ($3,269), nine weeks severance pay ($3,269), an allotment to attend future church festivals ($675) and an amount representing an annuity allowance.

[4]Section 98.2 of the Labor Code provides, in relevant part: "(a) Within 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the appellant."

Unless otherwise indicated all references will be to the Labor Code.

undertook to represent petitioner in the de novo proceedings pursuant to section 98.4[5] after determining that petitioner met the statutory condition that he be "financially unable to afford counsel."

In the de novo proceedings real party filed a motion for summary judgment and a motion to disqualify or, in the alternative, to enjoin the Labor Commissioner from representing petitioner. Real party's motion for summary judgment was granted. There was no formal ruling on the disqualification/injunction motion although apparently the trial court indicated that it would have denied that motion. Summary judgment was entered in favor of real party.

Petitioner, still represented by the Labor Commissioner, then appealed the municipal court judgment to the appellate department of respondent superior court. Real party filed a motion to disqualify and/or enjoin the commissioner from representing petitioner on the appeal on grounds that: (1) section 98.4 does not authorize representation of a claimant by the Labor Commissioner on appeal from the judgment rendered in the de novo proceedings, so representation of petitioner by the commissioner in the appeal would constitute an illegal expenditure of state funds; (2) the commissioner's representing the petitioner in the appeal would be violative of the establishment and free exercise of religion clauses of the state and federal Constitutions; and (3) in any event petitioner was financially able to afford counsel and was therefore ineligible for representation by the Labor Commissioner under section 98.4. Petitioner opposed the disqualification motion on numerous bases, including that the court lacked jurisdiction to grant the relief requested. By minute order the appellate department issued its ruling, stating: "This Court has determined that it does have jurisdiction to grant the relief requested and the motion to disqualify the State Labor Commissioner from representing [petitioner] on Appeal is granted."

## Contentions

On review petitioner first asserts that the order precluding the commissioner from representing petitioner in the appeal is, in effect, an injunction and contends: (1) that an appellate court is not authorized to

[5]Section 98.4 provides: "The Labor Commissioner may, upon the request of a claimant financially unable to afford counsel, represent such claimant in the de novo proceedings provided for in Section 98.2. In the event that such claimant is attempting to uphold the amount awarded by the Labor Commissioner and is not objecting to any part of the Labor Commissioner's final order, the Labor Commissioner shall represent the claimant."

issue injunctions and (2) that Code of Civil Procedure section 526, subdivision 4 prohibits the issuance of this injunction because the injunction would "prevent the execution of a public statute by officers of the law for the public benefit." Next, petitioner contends the appellate department lacked jurisdiction to entertain the motion because the motion was, in effect, an attempt to take a belated appeal or cross-appeal from the "denial" of real party's disqualification motion in the municipal court. Petitioner also urges the court was without authority to entertain the motion because granting it would be an unwarranted interference with the attorney-client relationship. Finally petitioner contends that even if the appellate department had jurisdiction to entertain the motion, its determination was erroneous as a matter of law because section 98.4 does authorize the Labor Commissioner to represent an applicant on appeal from a judgment entered in the de novo proceedings; the commissioner's doing so in this case does not violate the establishment or free exercise of religion clauses of the state or federal Constitutions; and the commissioner's determination that petitioner was "financially unable to afford counsel" was not subject to review by the court in these proceedings.

Petitioner's initial contentions are not meritorious. His final contention, however, is sound and dispositive. Accordingly, a peremptory writ of mandate will issue.

## Discussion

### Initial Contentions

Petitioner's contention that the appellate department as an appellate court is unauthorized to issue an injunction and that the code prohibits issuance of an injunction preventing a public officer from exercising his statutory duty are both founded on the premise that the court's order was an injunction. The premise is incorrect, and the contentions fail. What real party sought was either an order disqualifying the commissioner or, in the alternative, an order enjoining the commissioner from representing petitioner. Although they would have the same effect, the two modes of relief are distinct (see 1 Witkin, Cal. Procedure (2d ed. 1970) Attorneys, § 56, p. 64), and the court did not issue an injunction; it simply granted the motion for disqualification of the commissioner.

Equally unmeritorious is the contention that the court lacked jurisdiction to entertain the motion because it constituted a belated

appeal or cross-appeal from the denial of real party's disqualification motion in the municipal court. In the first place, we have considerable doubt that real party's motion in the municipal court was actually ruled on. More importantly, however, although a number of the arguments were the same, the motion made in the appellate department was a different motion than that made in the municipal court. It sought to preclude the commissioner from representing petitioner in the appeal as distinguished from the de novo hearing. One of the prime bases for the motion in the appellate department was that section 98.4, which authorizes the commissioner to represent an indigent claimant at the de novo hearing, does not authorize representation of a claimant by the commissioner on appeal. The motion in the appellate department was a new motion, not a belated appeal from the "denial" of the motion in the municipal court.

We also reject petitioner's contention, based on the sanctity of the attorney-client relationship, that the appellate department lacked jurisdiction to entertain the motion. As previously observed, one basis for the motion was that the statute does not authorize representation of a claimant by the Labor Commissioner on appeal. While we agree with petitioner that the commissioner's determination that petitioner was financially unable to afford counsel was not subject to review by the court, the question whether representation on appeal by the commissioner is authorized by the statute was a proper matter for judicial determination.

*Judicial Review of Determination of Financial Eligibility for Representation*

■ Real party contends that the declarations in the record indicating that petitioner receives from his employment more than $2,000 a month, receives child support payments and has some valuable assets establish as a matter of law that petitioner is not "financially unable to afford counsel" as required by section 98.4 (see fn. 5, *ante*). It is pointed out that the only thing in the record to the contrary is a declaration by a deputy labor commissioner, unsupported by any factual averments, that she had determined that petitioner was eligible for representation by the commissioner under the statute. We do not pass upon the question of petitioner's financial eligibility as shown by the record because we have concluded that the determination by the Labor Commissioner that petitioner is financially unable to afford counsel is not subject to judicial review in these proceedings.

We find dispositive *Ingram* v. *Justice Court* (1968) 69 Cal.2d 832 [73 Cal.Rptr. 410, 447 P.2d 650, 36 A.L.R.3d 1391], in which the Supreme Court held that when a public defender is representing an accused at his request rather than by court appointment, the public defender's determination of the accused's indigency is not reviewable by the court in the proceeding occasioning the representation. (*Id.*, at pp. 838-842.) Here, as there, the court was not called upon to appoint counsel, which would have imposed upon it the responsibility to determine financial eligibility. Here, as there, the statute reposes responsibility for determining financial eligibility in the governmental officer charged with the duty of affording representation.

Real party expresses the concern that if the determination of financial eligibility is not reviewable in these proceedings, the commissioner may with impunity disregard the statutory prerequisite as it is suggested was done in this case. However, it is not to be presumed that the Labor Commissioner will be anything less than conscientious in determining the financial eligibility of claimants under the statute. Moreover, the fact the the commissioner's determination of financial eligibility for representation is not judicially reviewable in the proceeding occasioning the representation does not mean that the commissioner's practices in this regard are free from scrutiny. As pointed out in the *Ingram* decision (69 Cal.2d at pp. 841-842), they are subject to appropriate review through the political process and, of course, the Labor Commissioner as a public officer is subject to suit for the illegal expenditure of public funds. (Code Civ. Proc., § 526a; *Central Valley Chap. 7th Step Foundation* v. *Younger* (1979) 95 Cal.App.3d 212, 232 [157 Cal. Rptr. 117].)

*Statutory Authorization for the Commissioner to Represent Claimants on Appeal*

■ .When the statutory conditions are met, section 98.4 authorizes the Labor Commissioner to "represent such claimant *in the de novo proceedings* provided for in Section 98.2." (See fn. 5, *ante*; italics added.) Real party would limit the authorization to representation at the de novo hearing. But the statutory language is not "hearing" but, rather, "proceedings." Real party argues that "de novo proceedings" literally means "a new hearing or a hearing the second time" and cannot possibly include appellate review of that hearing. That interpretation is possible in our view only because of the words following "de novo proceedings," "provided for in section 98.2." Arguably the only "proceed-

ings provided for in section 98.2" is a de novo hearing in the justice, municipal or superior court. (See fn. 4, *ante.*) That interpretation, however, flies in the face of the ordinary meaning of "proceedings," and is contrary to both the statutory purpose and analogous decisions. Accordingly, we reject it.

■ As noted by the California Supreme Court in *Burns* v. *Superior Court* (1903) 140 Cal. 1, 6 [73 P. 597]: "'In its more general sense, in law, it [the word "proceeding"] means all the steps or measures adopted in the prosecution or defense of an action.'" In Black's Law Dictionary (4th ed. 1951) "proceeding" is defined as "including all possible steps in an action from its commencement to the execution of judgment." ■ Thus, a legal proceeding may well have several stages. The de novo proceedings referred to in section 98.2 and 98.4 obviously were intended to result in a judgment; a judgment imports a judgment correct under the law; and it will in some cases require an appeal to obtain a legally correct judgment. It is established that an appeal from the judgment entered in the de novo proceedings is appropriate (*Peer* v. *California Industries for the Blind, Inc.* (1979) 95 Cal.App.3d 945 [157 Cal.Rptr. 464]), and there is nothing in either section 98.2 or 98.4 suggesting that an appeal from the judgment rendered in the de novo proceedings is not to be considered one stage of those proceedings. (Cf. *In re Jacqueline H.* (1978) 21 Cal.3d 170, 175-176 [145 Cal.Rptr. 548, 577 P.2d 683]; *In re Simeth* (1974) 40 Cal.App.3d 982 [115 Cal.Rptr. 617].)

The best that can be said of real party's argument is that the statute is ambiguous in this regard. ■ In the event of ambiguity, however, a statute is to be construed in accordance with the legislative intent, and a strong indicator of legislative intent is the purpose of the statute. (*Klarfeld* v. *Berg* (1981) 29 Cal.3d 893, 900 [176 Cal.Rptr. 539, 633 P.2d 204]; *Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 732, 733 [114 Cal.Rptr. 460, 523 P.2d 260]; see *In re Jacqueline H., supra,* 21 Cal.3d at pp. 174-175.) ■ The manifest purpose of section 98.4's authorizing the Labor Commissioner to represent claimants in the de novo proceedings is to insure that employees will not have to abandon wage claims already found legitimate at the administrative level on account of financial inability to pursue the claim in litigation. The statutory purpose would be largely defeated by an interpretation limiting the commissioner's authority to represent claimants to the de novo hearing itself. To serve its purpose, the statute must be construed to authorize representation of financially eligible claimants by the commissioner on appeal as well.

Both the *Jacqueline H.* and *Simeth* decisions, previously cited, indicate the propriety of this interpretation of the statute. In the *Simeth* case the question was whether the appellate court was authorized to appoint counsel on appeal by the statutes (primarily Welf. & Inst. Code, § 634) authorizing court appointment of counsel for an indigent parent in certain juvenile court proceedings. Notwithstanding that the statute did not even mention an appeal and that its language seemed to make reference to the juvenile court hearing itself, the court concluded that the appointment of counsel on appeal was authorized by the statute. (40 Cal.App.3d at pp. 984-985.)

In the *Jacqueline H.* case the question was whether Civil Code section 237.5 authorizing court appointment of counsel for an indigent parent in free-from-custody proceedings authorized court appointment of counsel for such a parent on appeal. The language of Civil Code section 237.5 referred far more plainly to the hearing in the trial court than does the statute with which we are concerned.[6] Nevertheless the court held that appointment of counsel on appeal was authorized stating: "Although Civil Code section 232 et seq. do not in express terms provide for the appointment of appellate counsel, the right to such appointment appears implicit in the Legislature's entire statutory scheme for the removal of children from the custody and control of their parents." (21 Cal.3d at p. 175.) We are not here concerned with the court appointment of counsel on appeal; however, the problem of statutory interpretation confronting us is virtually identical to those in the cited cases.

### Constitutionality of the Statute

Real party contends here as it did below that section 98.4 as applied constitutes an impermissible interference with the employment relationship between a church and its ministry, which is a matter of purely private ecclesiastical concern, and thus violates the establishment

---

[6]Civil Code section 237.5 provides in pertinent part: "*At the beginning of the proceeding on a petition* filed pursuant to this chapter, the judge shall first read the petition to the child's parents, if they are present .... The judge shall ascertain whether the minor and his parents, have been informed of the right of the minor and his parents to be represented by counsel, and if not, the judge shall advise the minor and the parents, if present, of the right of each of them to have counsel present. The court may appoint counsel to represent the minor whether or not the minor is able to afford counsel. *If any parent appears* and is unable to afford counsel, the court shall appoint counsel to represent each parent who appears unless such representation is knowingly and intelligently waived." (Italics added.)

and free exercise clauses under state and federal Constitutions.[7] We disagree.

■ It is of course true that the cited constitutional provisions preclude civil courts from adjudicating disputes over questions of church practice or religious discipline, faith or doctrines. "However, when the dispute to be resolved is essentially ownership or right to possession of property, the civil courts appropriately adjudicate the controversy even though it may arise out of a dispute over doctrine or other ecclesiastical question, provided the court can resolve the property dispute without attempting to resolve the underlying ecclesiastical controversy. (*Eldership v. Church of God at Sharpsburg*, 396 U.S. 367 [24 L.Ed.2d 582, 583, 90 S.Ct. 499]; *Presbyterian Church* v. *Hull Church*, 393 U.S. 440, 449 [21 L.Ed.2d 658, 665, 89 S.Ct. 601]; *In re Metropolitan Baptist Church of Richmond, Inc., supra*, 48 Cal.App.3d at pp. 858-859 [121 Cal.Rptr. 899]; see *Serbian Orthodox Diocese* v. *Milivojevich, supra*, 426 U.S. at pp. 709-710 [49 L.Ed.2d at p. 163, 96 S.Ct. 2372]; *Samoan Congregational etc. Church in U.S.* v. *Samoan Congregational etc. Church of Oceanside, supra*, 66 Cal.App.3d at pp. 75-77 [135 Cal. Rptr. 793]; cf. *Wheelock* v. *First Presb. Church*, 119 Cal. 477, 482 [51 P. 841].)" (*Presbytery of Riverside* v. *Community Church of Palm Springs* (1979) 89 Cal.App.3d 910, 920 [152 Cal.Rptr. 854], cert. den., 444 U.S. 974 [62 L.Ed.2d 389, 100 S.Ct. 469]; accord: *Jones* v. *Wolf* (1979) 443 U.S. 595, 602-603 [61 L.Ed.2d 775, 783-785, 99 S.Ct. 3020], cert. den. (1980) 444 U.S. 1080 [62 L.Ed.2d 763, 100 S.Ct. 1031.)

■ Real party argues that permitting the Labor Commissioner to represent its former minister in these proceedings constitutes an impermissible state involvement in religious affairs and will have a chilling effect on the free exercise of religion—the church's discharge of a minister who fails to abide by the tenets of the church. We believe not. The argument might be persuasive if the dispute were over the question of whether or not the church had the right to discharge petitioner, but no such question is involved. The only questions appear to be whether the

---

[7]Amendment I of the United States Constitution provides in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; ..."

Article I, section 4 of the California Constitution provides in pertinent part: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed. This liberty of conscience does not excuse acts that are licentious or inconsistent with the peace or safety of the State. The Legislature shall make no law respecting an establishment of religion."

church is required to pay severance pay conditionally promised and whether the conditions were performed. That is a contract matter that can be resolved without resolving the ecclesiastical controversy between petitioner and the church. We are unable to accept the argument that requiring a church to pay its discharged minister in accordance with its contract will have a significant chilling effect upon the church's exercise of its right to discharge its ministers on account of doctrinal or other ecclesiastical differences.[8]

## *Disposition*

Let a peremptory writ of mandate issue to the Appellate Department of the Superior Court in and for the County of Orange commanding it to vacate its order disqualifying the Labor Commissioner from representing petitioner on appeal. The alternative writ heretofore issued, having served its purpose, is discharged.

McDaniel, J., and Morris, J., concurred.

A petition for a rehearing was denied November 12, 1981, and the opinion was modified to read as printed above. The petition of real party in interest for a hearing by the Supreme Court was denied December 9, 1981. Kaus, J., did not participate therein.

---

[8]We note from the record that church has itself filed a civil action against petitioner to recover monies allegedly lent him and not repaid as a result of his discharge.