169 Cal.App.3d 344 (1985)
215 Cal. Rptr. 171
In re FREDRICK E.H., a Minor.
SAN BERNARDINO COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Petitioner and Respondent,
v.
FREDRICK L.H., Objector and Appellant.
Docket No. E000573.
Court of Appeals of California, Fourth District, Division Two.
June 17, 1985.
*345 COUNSEL
Dennis Tilton, under appointment by the Court of Appeal, for Objector and Appellant.
Alan K. Marks, County Counsel, Susan K. Holliday and Joanne Fenton, Deputy County Counsel, for Petitioner and Respondent.
OPINION
RICKLES, J. 
Fredrick L.H. appeals from an order of the San Bernardino County Superior Court declaring the minor child, Fredrick E.H., to be free from his custody and control.

FACTS
On March 11, 1982, a representative of the San Bernardino County Department of Public Social Services filed a petition in superior court to free the minor child from the custody and control of his natural parents, Verleen and Fredrick L.H. On November 15, 1982, the matter proceeded to trial. On December 9, 1982, the trial court granted the petition with respect to Fredrick L.H., stating "the child Frederick [sic] is freed from the custody of the father." Fredrick L.H. was present with counsel at the hearing. The court withheld judgment as to the mother, Verleen H., pending her completion of a drug rehabilitation program. The trial court ordered counsel for petitioner to prepare two separate formal orders, one terminating the parental rights of Fredrick L.H. as of that date and the other continuing the matter until June with respect to the mother.
*346 On April 13, 1983, counsel for petitioner submitted the two orders incorporating the provisions of the trial court's December 9, 1982, ruling. Notice of the proposed orders was served by mail on Fredrick L.H.'s attorney. On April 18, 1983, the two orders were signed by Judge Schaefer, and on April 21, 1983, they were filed and served on Fredrick L.H.
On June 23, 1983, Judge Schaefer granted the petition with respect to the minor's mother and "confirm[ed]" the earlier judgment of April 18 freeing the minor from the custody and control of Fredrick L.H. Neither Fredrick L.H. nor his attorney was present at the June hearing. It did not concern him.
On August 22, 1983, Fredrick L.H. filed a notice of appeal.[1]

DISCUSSION
(1a) As here relevant, rule 2(a) of the California Rules of Court provides, unless otherwise provided by law, "notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court ... or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest...."
Rule 45(e) of the California Rules of Court provides that "[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal." (Italics added.) The reason for this proviso was clearly stated by the California Supreme Court in Estate of Hanley (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250], in language it has repeated on many occasions: "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective after the appeal is taken. (2) The *347 first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court." (Id., at p. 123; italics added.)
The consequences of an untimely notice of appeal, the Hanley court noted, are not remediable. "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations.] ... If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]" (Id., at p. 123; see also Hollister Convalescent Hosp., Inc. v. Rico (1975) 15 Cal.3d 660, 666-667 [125 Cal. Rptr. 757, 542 P.2d 1349].)
(1b) In the case at bench, the trial court made its oral ruling terminating Fredrick L.H.'s parental rights on December 9, 1982, and signed, entered and noticed a formal order to that effect in April of 1983. Fredrick L.H.'s notice of appeal was not filed until August 22, 1983, considerably beyond the 60 days provided by California Rules of Court, rule 2(a). Accordingly, we find the jurisdictional period for appeal has expired and the appeal must be dismissed.
In an attempt to save the appeal from dismissal, Fredrick L.H. argues that he has timely appealed from the June 23, 1983, order. The argument is unavailing. That order freed the minor from the custody of his mother and, merely as an aside, confirmed the earlier April order that freed the minor from the custody of Fredrick L.H. The April order declaring the minor free of Fredrick L.H.'s custody and control constituted a final, appealable judgment. That order concluded as follows:
"WHEREFORE; IT IS ORDERED, ADJUDGED AND DECREED as follows: [¶] 1. FREDERICK [E.H.], a minor, is hereby declared free from the custody and control of his legal and natural father, FREDERICK [L.H.], and the rights and responsibilities of FREDERICK [L.H.] to the minor FREDERICK [E.H.] are terminated."
It is impossible to construe the order and judgment of April 18, 1983, as anything but a final judgment as to Fredrick L.H. There is nothing in the court's oral ruling or formal order suggesting that the court was rendering a "partial" or "interlocutory" judgment. The record shows that the court made it crystal clear it was rendering final judgment as to Fredrick L.H. and was withholding judgment as to Verleen H. The court entered two *348 separate orders to that effect, one as to Fredrick L.H., the other as to Verleen H. The record shows that all counsel and parties were present when the court ruled, and received notice of entry of judgment. There was clearly no misunderstanding as to the finality of the judgment with respect to Fredrick L.H.
(3) Fredrick L.H.'s other arguments are equally unavailing. It is of no consequence that Fredrick L.H.'s request for appointment of counsel was granted after the notice of appeal was filed. Jurisdiction cannot be conferred by waiver or estoppel. (Estate of Hanley, supra, 23 Cal.2d at p. 123.) Nor can the relative merits of an appeal confer jurisdiction where jurisdiction is lacking. (Kientz v. Harris (1953) 117 Cal. App.2d 787, 789-790 [257 P.2d 41].)

DISPOSITION
The appeal is dismissed.
Morris, P.J., and Kaufman, J., concurred.
NOTES
[1] We are without jurisdiction to review this matter on the merits. We have informally reviewed the record and conclude the appeal is without merit. The minor was born on March 14, 1979. Fredrick L.H. testified that he resided with the minor and the minor's mother from April to July 1979. Thereafter he was continually in and out of jail until the hearings in the instant matter. At the time of the hearings, he was in prison and had several more years of his sentence to serve. In July 1979, the minor was hospitalized and diagnosed as a "failure to thrive" child. He was placed in foster care, where he remained until and during the hearings on this petition. Were we to reach the merits, we would find substantial evidence to support the judgment.