216 Cal.App.3d 319 (1989)
264 Cal. Rptr. 666
In re A.M., a Minor.
ALAMEDA COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent,
v.
J.M., Defendant and Appellant.
Docket No. A042237.
Court of Appeals of California, First District, Division Two.
December 1, 1989.
*320 COUNSEL
Ann L. Lipson for Defendant and Appellant.
Richard J. Moore, County Counsel, and Anthony E. Scarr, Deputy County Counsel, for Plaintiff and Respondent.
OPINION
SMITH, J.
J.M. appeals from a judgment freeing her daughter A.M. from her custody and control pursuant to Civil Code section 232, subdivisions (a)(1) (abandonment) and (a)(7) (child in supervised out-of-home placement for one-year period).[1] We conclude that the notice of appeal was not timely filed and consequently dismiss the appeal.

Procedural Background
On March 18, 1987, respondent filed its petition seeking to declare A.M. free from the custody and control of her parents. Trial was held on September 23, 24, and 28, 1987, and the matter was taken under submission. Judgment was entered on February 1, 1988, terminating the parental rights of appellant and any presumed or alleged natural fathers. Notice of entry of judgment was served on March 4, 1988. J.M.'s notice of appeal was filed on May 4, 1988.

*321 Discussion

(1) A threshold issue is whether the notice of appeal filed herein can be deemed timely.[2] It was filed 61 days after the notice of entry of judgment was served. Appellant urges that we deem the notice of appeal timely under the "constructive filing" doctrine, while respondent contends that the doctrine should not be applied to cases arising under section 232.
Appellant's trial counsel submitted a declaration to this court in opposition to respondent's motion to dismiss, stating the following: Appellant informed her counsel that she wished to appeal shortly after receiving notice of the judgment. On May 2, 1988, counsel attempted to contact appellant to have her sign the notice of appeal but was unable to reach her. He then signed the notice of appeal and filed it, believing it to be timely filed.
Pursuant to rule 2(a) of the California Rules of Court (hereafter cited by rule only), as pertinent here, a notice of appeal must be filed within 60 days after the date of service of written notice of entry of judgment.[3] In 1985, a Court of Appeal, relying upon Supreme Court cases holding the timely filing of the notice of appeal in civil cases jurisdictional (Estate of Hanley (1943) 23 Cal.2d 120 [142 P.2d 423, 149 A.L.R. 1250]; Hollister Convalescent Hosp., Inc. v. Rico (1975) 15 Cal.3d 660 [125 Cal. Rptr. 757, 542 P.2d 1349]), ruled that the failure to file a timely notice of appeal during the 60-day period specified in rule 2(a) in an action terminating parental rights was not remediable and required dismissal of the appeal. (In re Frederick E.H. (1985) 169 Cal. App.3d 344, 347 [215 Cal. Rptr. 171].)
As both appellant and respondent recognize, however, Frederick E.H. was decided before a 1987 amendment to rule 39(a), which now provides that "[t]he rules governing appeals from the superior court in criminal cases [i.e., rule 30 et seq.] are applicable to ... any appeal in an action under Civil Code section 232, except where otherwise expressly provided by this rule or rule 39.1, or where the application of a particular rule would be clearly impracticable or inappropriate." Appellant contends that, following this amendment, the constructive filing doctrine of In re Benoit (1973) 10 Cal.3d 72 [109 Cal. Rptr. 785, 514 P.2d 97] (Benoit) should be available in cases arising under section 232.
*322 In Benoit, the Supreme Court deemed a notice of appeal timely filed in a criminal case even though it had been filed beyond the 60-day period following rendition of judgment specified by rule 31(a) for criminal appeals. There each of two defendants had made arrangements with his trial attorney to file a notice of appeal, but timely notices were not filed. The Benoit court extended principles previously applied in cases where defendants had relied upon prison authorities to mail a notice of appeal to the court, reasoning: "[W]e can see some reason to excuse a prisoner unlearned in the law who has relied upon the assurance of his trial counsel that the notice of appeal will be timely filed by the latter since the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him than upon a prison official who was not an attorney and had no familiarity with his case." (10 Cal.3d at p. 86.)
Assuming, without deciding, that the 1987 amendment to rule 39(a) can be construed to direct the application of decisional law with respect to rules in criminal cases to cases under section 232, we nevertheless conclude that the application of the constructive filing doctrine in such cases "would be clearly impracticable or inappropriate." While we recognize the importance of a natural mother or father's parental rights (see Santosky v. Kramer (1982) 455 U.S. 745, 753 [71 L.Ed.2d 599, 606, 102 S.Ct. 1388]; In re Jacqueline H. (1978) 21 Cal.3d 170, 176 [145 Cal. Rptr. 548, 577 P.2d 683]), we deem the special need for finality in cases under section 232 of paramount importance. Adoption proceedings could be jeopardized if the finality of a judgment under section 232 were uncertain. (See conc. opn. of Brauer, J., in In re Micah S. (1988) 198 Cal. App.3d 557, 564-568 [243 Cal. Rptr. 756] [discussing need for expeditious resolution in section 232 cases]; see also Adoption of Alexander S. (1988) 44 Cal.3d 857, 868 [245 Cal. Rptr. 1, 750 P.2d 778] [concern regarding prolonging uncertainty for children is policy reason for disallowing collateral attack on final judgments in adoption proceedings].) Such considerations are not present in criminal cases.
Appellant mistakenly asserts that her motion for appointment of counsel on appeal was filed on May 3, 1988, and should be construed as a notice of appeal. The clerk's transcript reveals that the motion was filed on May 4, 1988, the same day as the notice of appeal. This contention is therefore unavailing.

*323 Disposition

The appeal is dismissed.[4]
Kline, P.J., and Benson, J., concurred.
NOTES
[1] All further statutory references are to the Civil Code.
[2] Respondent filed a motion to dismiss the appeal on the ground that the notice of appeal was not timely filed. The motion was denied without prejudice and we directed the parties to more fully address the issue as part of their briefing on the merits.
[3] The notice of appeal in this case was filed on May 4, 1988. The 60-day period expired 1 day earlier, on May 3, 1988.
[4] Although we are without jurisdiction to review this matter on the merits, we have informally reviewed the record. Were we to reach the merits, we would find substantial evidence to support the judgment. (See In re Frederick E.H., supra, 169 Cal. App.3d 344, 346, fn. 1.)