Filed 9/30/16  Lan v. Comcast CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

TOM LAN,

    Plaintiff and Appellant,

    v.

COMCAST CORPORATION, LLC,

    Defendant and Respondent.

_____/

A147025

(Alameda County
Super. Ct. No. RG13681816)

Tom Lan appeals from trial court orders granting Comcast Cable Communications Management, LLC's (Comcast) motion for Labor Code section 98.2 attorney fees and denying his motion to vacate the attorney fee award.

We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Comcast terminated Lan, and he filed a claim with the California Labor Commissioner, which awarded him $19,348.02.  Lan challenged the Labor Commissioner's decision in the superior court.  In late 2013, following a de novo bench trial, the court reversed the Labor Commissioner's award and entered judgment for

1

Comcast. The court also awarded Comcast attorney fees pursuant to section 98.2, subdivision (c).[1] Lan appealed, and this court affirmed. (*Lan I, supra,* A140039/A149398.)

Upon remittitur, Comcast filed a motion for $87,444.10 in attorney fees pursuant to section 98.2, claiming it was entitled to attorney fees incurred in *Lan I* for "successfully defending" the trial court's 2013 judgment. Comcast argued its attorney fees were reasonable; in a supporting declaration, Comcast's attorney described the time she spent litigating *Lan I* and attached time records. Lan's opposition did not address Comcast's entitlement to attorney fees, except to argue Comcast could not recover such fees because his "unpaid wage claim" was "still in appeal processes."

Lan did not contest the tentative ruling and it became the court's final decision. The court partially granted the motion and awarded Comcast $77,400 in section 98.2 attorney fees. It determined the attorney fees were reasonable and that "a significant portion" of the "fees were incurred dealing" with Lan's "unorthodox tactics[.]" The court later denied Lan's motion to vacate the attorney fee award.

DISCUSSION

Section 98.2, subdivision (c) provides: "If a party seeking review by filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a cost upon the party filing the appeal." The "'purpose and intent behind section 98.2(c) is to discourage frivolous and unmeritorious appeals from the commissioner's awards, regardless of whether they are taken by employers or employees.' [Citation.]" (*Arneson v. Royal Pacific Funding Corp.* (2015) 239

---

[1] We grant Comcast's unopposed request for judicial notice of certain court records — including our opinion — in Lan's prior appeal, *Lan v. Comcast Corporation, LLC* (Apr. 24, 2015, A140039/A149398) [nonpub.opn.] (*Lan I*)). (Evid. Code, §§ 452, 459.) All undesignated statutory references are to the Labor Code. Section 98.2, subdivision (c) provides for an award of attorney fees and costs against a party who appeals the Labor Commissioner's award through a trial de novo in the superior court and is "unsuccessful in the appeal[.]"

Cal.App.4th 1275, 1279, fn. 5.) "'[S]ection 98.2(c) is designed to penalize appealing employers *and* employees who turn to the courts after rejecting what, in retrospect, was a reasonable commissioner's award.' [Citation.]" (*Ibid.*)

Here, section 98.2 authorized Comcast to recover attorney fees incurred in successfully litigating *Lan I*, the appeal from the trial court's 2013 judgment. Lan does not argue otherwise. "'[I]t is established that fees, if recoverable at all — pursuant either to statute or parties' agreement — are available for services at trial *and on appeal.*' [Citations.] Indeed, appellate courts have consistently permitted a successful party to recover attorney fees incurred on appeal when a statute expressly permits such an award in the trial court or other lower tribunal." (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 ["statutes authorizing attorney fee awards in lower tribunals include attorney fees incurred on appeals of decisions from those lower tribunals"]; see also *Gipe v. Superior Court* (1981) 124 Cal.App.3d 617, 626 ["proceedings" under section 98.2 include a conventional appeal following a trial de novo]; *Tabarrejo v. Superior Court* (2014) 232 Cal.App.4th 849, 869-870 [awarding section 98.2 attorney fees incurred in appellate writ proceeding following trial court challenge to Labor Commissioner's ruling].)

"'"""An order granting . . . an award of attorney fees is generally reviewed under an abuse of discretion standard of review[.]" [Citations.]'"" [Citation.]" (*Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373, 378.) There was no abuse of discretion here, and we reject Lan's contention that insufficient evidence supports the attorney fee award. Comcast supported its attorney fee motion with evidence establishing the reasonableness of the hours claimed and the attorney's hourly rate.

Lan claims the attorney fee award must be reversed because the court granted Comcast's motion without holding a hearing. We disagree. The tentative ruling was published pursuant to Alameda County Superior Court Local Rule 3.30(d), which incorporates the procedure outlined in California Rules of Court, rule 3.1308(a)(1), and provides the tentative ruling will "become the ruling of the court" unless a party provides timely notice of its intention to appear at the scheduled hearing. (Super. Ct. Alameda

3

County, Local Rules, rule 3.30(d).)  Because Lan did not contest the tentative ruling or indicate his intention to appear at the scheduled hearing, the tentative ruling became final without a hearing.[2]  (See *Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 870, fn. 5.)  Finally, we reject Lan's claim that the court lacked jurisdiction to award attorney fees.

## DISPOSITION

The orders awarding Comcast $77,400 and denying Lan's motion to vacate the attorney fee award are affirmed.  Comcast is entitled to costs on appeal.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.

_____

[2]  Lan devotes a substantial portion of his brief to challenging the trial court's 2013 judgment and its original attorney fee award.  We rejected these claims in *Lan I* and do not revisit them here.  We also decline to consider Lan's complaints about our decision in *Lan. I*.  Finally, we admonish Lan for his inexcusable personal attacks on the trial court and Comcast.  (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.)